```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-20046-CIV-LENARD
                              MAGISTRATE JUDGE P. A. WHITE
```

ISRAEL RODRIGUEZ VELAZQUEZ,   :

    Plaintiff,             :

v.                            :          PRELIMINARY REPORT
                                       OF MAGISTRATE JUDGE
BETH WEINMAN, et al.,
                              :

    Defendants.
    _____:


## I. Introduction

The plaintiff Israel Rodriguez Velazquez, presently incarcerated at the Federal Correctional Center in Miami, (FCC), has filed an a pro se civil rights complaint pursuant to *Bivens v Six Unknown Narcotics Agents*, 403 U.S. 388 (1971) [1]. (DE#1) He

---

[1] Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In Bivens, the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right. Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution. "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." Dean v. Gladney, 621 F.2d 1331, 1336 (5 Cir. 1980), cert. denied sub nom. Dean v. County of Brazoria, 450 U.S. 983 (1981).

seeks monetary and other relief. The plaintiff is proceeding <u>in forma pauperis</u>.

The plaintiff names the following individuals as defendants: Beth Weinman, John Baxter and Harley Lappin, officials of the Federal Bureau of Prisons (BOP).

The plaintiff alleges that a Residential Drug Abuse Program ("RDAP") was provided to inmates at FCC in both English and Spanish. He states that the policy has recently been changed to require participants to be proficient in English. The plaintiff claims this is a denial of his Fifth Amendment Rights to Equal Protection. He claims the policy is discriminatory to Spanish speaking inmates.

II. <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

>Sec. 1915 Proceedings in Forma Pauperis
>
>\* \* \*
>
>(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
>\* \* \*
>
>(B) the action or appeal --
>
>\* \* \*
>
>(i) is frivolous or malicious;

>           (ii) fails to state a claim on which
>           relief may be granted...

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[2]

Denial of Equal Protection

The Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985).  Redress for a denial of equal protection in violation of the Fifth and Fourteenth Amendment is available in a suit pursuant to 42 U.S.C. §1983. See: French v. Heyne, 547 F.2d 994 (7 Cir. 1976); Shock v.

---

[2] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

Tester, 405 F.2d 852 (8 Cir. 1969), cert. denied, 394 U.S. 1020, reh. denied, 395 U.S. 941.  An individual seeking to sue for a denial of equal protection must show on the part of the defendant an intentional discrimination based upon the plaintiff's membership in a particular, identifiable class. Damiano v. Florida Parole & Probation Commission, 785 F.2d 929, 932-33 (11 Cir. 1986); Trautvetter v. Quick, 916 F.2d 1140, 1149-50 (7 Cir. 1990). In order for an inmate to succeed on an equal protection claim he must show that the treatment he received was substantially and invidiously dissimilar to that received by other inmates.  Lyon v. Farrier, 730 F.2d 525, 527 (8 Cir. 1984).

In this case, the plaintiff claims that this new policy requiring proficiency in English subjects him to intentional discrimination based upon his membership in a particular, identifiable class. The plaintiff's allegations do not satisfy the requirements for a claim of equal protection.

The plaintiff has no constitutional right to vocational, rehabilitative or educational programs. Franklin v District of Columbia, 960 F.Supp. 394 (DC 1997), vacated in part on other grounds. See: Sandin v Conner, 515 U.S. 472 (1995) (Protected interest are generally limited to freedom from restraint which ....would impose atypical and significant hardship on inmate in relation to the ordinary incidents of prison life) Programs which require proficiency in English and the cutting of programs in all Spanish do not constitute a denial of equal protection. These programs are not based upon an inmates race or ethnic origin and allow Hispanic inmates who speak English to participate. Franklin, supra. Accordingly, the claim regarding denial of equal protection is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

III. <u>Recommendation</u>

Based on the foregoing, it is recommended that:

(1) This case be dismissed pursuant to U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted; and

(2) This case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 27th day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Israel Rodriguez Velazquez, <u>Pro Se</u>
    FCC-Miami
    Address of record